IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW DEWAN, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § | |
| Plaintiff, | | No. 4:12-cv-03638 |
| v. | | JURY TRIAL DEMANDED |
| M-I, L.L.C. d/b/a MI SWACO, | | |
| Defendant. | | |

**PLAINTIFF'S RULE 12(f) MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Matthew Dewan, individually and on behalf of all others similarly situated, and files this motion to strike certain affirmative defenses in Defendant M-I, L.L.C. d/b/a Mi Swaco's Original Answer (Docket Entry No. 6) pursuant to FED. R. CIV. P. 12(f). In support thereof, he would respectfully show the Court as follows:

**I. INTRODUCTION**

On December 14, 2012, Plaintiff Mattew Dewan (referred to as "Plaintiff") filed a putative collective action lawsuit under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") alleging that Defendant M-I, L.L.C. d/b/a Mi Swaco (referred to as "Defendant") failed to pay him overtime wages as required by law. (Docket Entry No. 1.) On February 19, 2013, Defendant filed an answer denying the material allegations in Plaintiff's complaint and pleading certain affirmative defenses. (Docket Entry No. 6.)

Now, for the reasons detailed more particularly below, Plaintiff respectfully requests that the Court strike Defendant's third, fourth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and eighteenth affirmative defenses pursuant to FED. R. CIV. P. 12(f).

## II.  ARGUMENT & AUTHORITIES

### A.  Standard of Review

When a Rule 12(f) motion to strike challenges the sufficiency of an affirmative defense, the standards for a Rule 12(f) motion to strike and a Rule 12(b)(6) motion to dismiss are "mirror image[s.]"  *Canadian St. Regis Band of Mohawk Indians v. New York*, 278 F.Supp.2d 313, 332 (N.D.N.Y.2003) (internal quotation marks and citations omitted); *see also*, *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1351, 1358 (5th Cir. 1983); *Doe v. Roman Catholic Diocese of Galveston-Houston*, No. H-05-1047, 2006 U.S. Dist. LEXIS 58347, 2006 WL 2413721, at *2 (S.D. Tex. Aug. 18, 2006); *Siemens Med. Solutions USA, Inc. v. Sunrise Med. Tech., Inc.*, No. Civ. 3:04-CV-2711-H, 2005 U.S. Dist. LEXIS 43560, 2005 WL 615747, *5 (N.D. Tex. Mar. 16, 2005); *Zytax, Inc. v. Greens Plains Renewable Energy, Inc.*, No. H-09-2582, 2010 U.S. Dist LEXIS 52617, *14-*15 (S.D. Tex. May 28, 2010).  Under Rule 12(b)(6), affirmative defenses are subject to the same pleading requirements that apply to complaints.  *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *TracFone Wireless, Inc. v. King Trading, Inc.*, No. 3:08-cv-0398, 2008 U.S. Dist. LEXIS 90613, at *3 (N.D. Tex. Nov. 6, 2008).  Thus, under Rule 8, an affirmative defense must be pled with sufficient particularity to state a claim for relief that is "plausible."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Rule 12(b)(6) allows dismissal if a pleading fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To avoid dismissal, a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield*, 193 F.3d at 362 (5th Cir. 1999). "Although absolute specificity in pleading is not required, fair notice of the affirmative defense is." *Automated Med. Labs v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980). "The issue is whether the pleading is sufficient to 'identify the affirmative defense in question' and provide notice of its basis." *Tran v. Thai*, No. 4:08-cv-03650, 2010 U.S. Dist. LEXIS 17946, at *3 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.) (quoting *Woodfield*, 193 F.3d at 362).

B.  **Exemption Defenses**

Any exemption from the overtime requirements of the FLSA must be asserted as an affirmative defense to a claim for unpaid overtime wages under the FLSA. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974) ("[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof."); *Magana v. Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997). As previously mentioned, affirmative defenses must be specifically pleaded by a defendant. FED. R. CIV. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]"). In this case, Defendant pleaded that Plaintiff and the members of the putative class were "exempt employees under the Executive, Professional, Administrative, Outside Sales, and/or Combination exemptions." Answer (Docket Entry No. 6) p. 7. There are

3

numerous FLSA exemptions, each with its own fact-specific test. 29 U.S.C. § 213; *see also*, 29 C.F.R. §§ 779-784, 786-788, 793-794. In its answer, Defendant has completely failed to "'identify the affirmative defense in question' *and* provide notice of its basis." *Tran*, 2010 U.S. Dist. LEXIS 17946, at *3 (quoting *Woodfield*, 193 F.3d at 362) (emphasis added); *Bell Atlantic Corp.*, 550 U.S. at 570; *Hogue v. Gyarmathy & Assoc., Inc.*, No. 2:10-cv-195, 2010 U.S. Dist. LEXIS 68826, at *3 (M.D. Fla. Jun. 21, 2010) (defendant cannot meet the "fair notice" requirement by merely stating that a plaintiff is exempt; instead, the defendant must identify the particular exemption(s) upon which it intends to rely *and* set forth sufficient facts to make the exemption(s) plausible). Therefore, pursuant to FED. R. CIV. P. 12(f), the Court should strike Defendant's eleventh affirmative defense.

## C. Good Faith Defenses

Defendant pleaded that it is not liable to Plaintiff because it made good faith efforts to comply with the FLSA. Answer (Docket Entry No. 6) pp. 6-7. There are two separate good faith defenses to claim for unpaid wages under the FLSA. "The first defense, under 29 U.S.C. § 259(a), provides a defense to FLSA liability if 'the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation' of the Wage and Hour Division of the Department of Labor." *Tran*, 2010 U.S. Dist. LEXIS 17946, at *5 (quoting 29 U.S.C. § 259(a)). "The second defense, under 29 U.S.C. § 260, would allow defendant[], if found liable, to avoid paying liquidated damages if [it] can show 'that the act or omission giving rise to such action was in good faith and that [it] had

4

reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA]." *Id.*; *see also*, *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999) ("Under the FLSA, a district court *may not* exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith. … The statutory language clearly indicates that it is not the employee's burden to disprove good faith. Rather, the employer has the burden of proving its good faith.") (emphasis added) (internal citations and quotations omitted).

In this case, Defendant has "merely repeated the statutes in [its] answer." *Tran*, 2010 U.S. Dist. LEXIS 17946, at *5. Answer (Docket Entry No. 6.) pp. 6-7. "The defendant[] know[s] the bases for [its] affirmative defenses that [it] relied on a regulation, order, ruling, approval, or interpretation of the Wage and Hour Division and that [it] acted in good faith." *Tran*, 2010 U.S. Dist. LEXIS 17946, at *5. "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Therefore, pursuant to FED. R. CIV. P. 12(f), the Court should strike Defendant's fourth affirmative defense.

### D.     Failure To Mitigate Damages/Provide Notice Defenses

Defendant has pleaded that Plaintiff's claims are barred because he failed to mitigate his damages and/or that he failed to utilize internal complaint procedures. Answer (Docket Entry No. 6.) pp. 7-8. In addition to failing to plead with enough

5

specificity or factual particularity to give Plaintiff fair notice, those defenses are not available in FLSA cases as a matter of law. *Woodfield*, 193 F.3d at 362 (5th Cir. 1999) (a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced"); *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848, 2009 U.S. Dist. LEXIS 99725, at *3 (M.D. Fla. Oct. 27, 2009) (finding as a matter of law that "there is no requirement to mitigate overtime wages under the FLSA"); *Gonzalez v. Spears Holdings, Inc.*, No. 09-cv-60501, 2009 U.S. Dist. LEXIS 72734, at *3 (S.D. Fla. July 31, 2009) (granting a motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA, nor a duty to provide notice as to any alleged unlawful pay practice); *Lopez v. Autoserve LLC*, No. 05-cv-3554, 2005 U.S. Dist. LEXIS 29161, at *2 (N.D. Ill. Nov. 17, 2005) (granting the plaintiff's motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA); *Perez-Nunez v. North Broward Hosp. Dist.*, No. 008-cv-61583, 2009 U.S. Dist. LEXIS 25557, at *2 (S.D. Fla. Mar. 13, 2009) (granting motion to strike the mitigation-of-damages affirmative defense and holding that a duty-to-mitigate-damages defense based on the plaintiff's failure to timely disclose alleged violations to her employer so that the terms of her employment could be corrected failed as a matter of law under the FLSA). Therefore, pursuant to FED. R. CIV. P. 12(f), the Court should strike Defendant's tenth and eighteenth affirmative defenses.

### E.     Waiver, Estoppel, Unclean Hands & Laches

Defendant has have pleaded that it is not liable to Plaintiff and members of the putative class based on the equitable defenses of waiver, estoppel, unclean hands and laches. Answer (Docket Entry No. 11) pp. 6, 8.  The equitable defenses of waiver, estoppels, unclean hands and laches are generally unavailable in FLSA cases because employees cannot waive their rights under the FLSA unless supervised by the Secretary of Labor or a United States District Court.  *Reeves v. ITT Corp.*, 616 F.2d 1342, 1350 (5th Cir. 1980) (rejecting laches defense to employee's claim for unpaid wages and liquidated damages); *Ayers v. Consol. Const. Servs. of SW Fla., Inc.*, No. 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *1-2 (M.D. Fla. Nov. 26, 2007) (granting motion to strike laches and estoppel affirmative defenses because of "the general rule that an employee cannot waive her rights under the FLSA without supervision by the Secretary of Labor or the Court"); *Perez-Nunez*, 2009 U.S. Dist. LEXIS 25557, at *2 ("The doctrines of waiver, estoppel and laches are generally not applicable to FLSA claims."). Even assuming they do apply, Defendant has not alleged sufficient facts to put Plaintiff and members of the putative class on fair notice of the defenses. *Woodfield*, 193 F.3d at 362 (5th Cir. 1999). Therefore, pursuant to FED. R. CIV. P. 12(f), the Court should strike Defendant's third, twelfth and thirteenth affirmative defenses.

### F.     Rule 8(c) Defenses

In its answer, Defendant purports to "reserves all defenses available under Federal Rules of Civil Procedure 8(c)." Answer (Docket Entry No. 6) p. 7.  This falls well short of the accepted pleading requirement for affirmative defenses.  *Woodfield*, 193 F.3d at

362 (5th Cir. 1999) (defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced[]").  Therefore, pursuant to FED. R. CIV. P. 12(f), the Court should strike Defendant's ninth affirmative defense.

### III. CONCLUSION

For the foregoing reasons, the Court should strike Defendant's third, fourth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and eighteenth affirmative defenses pursuant to FED. R. CIV. P. 12(f).  (Docket Entry No. 6.)

          Respectfully submitted,

          **MOORE & ASSOCIATES**

          By: s/ Melissa Moore
              Melissa Moore
              State Bar No. 24013189
              Federal Id. No. 25122
              Curt Hesse
              State Bar No. 24065414
              Federal Id. No. 968465
              Lyric Center
              440 Louisiana Street, Suite 675
              Houston, Texas 77002
              Telephone: (713) 222-6775
              Facsimile: (713) 222-6739

          **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 12th day of March in the year 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Samuel Zurik, III, Esq.
THE KULLMAN FIRM
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163

                s/ Melissa Moore
                Melissa Moore