IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW DEWAN, Individually and On Behalf of All Others Similarly Situated. § § § § | |
| Plaintiff, § | No. 4:12-cv-03638 |
| § § | |
| v. § § § | |
| M-I, L.L.C. d/b/a MI SWACO § § | |
| Defendant. § § | |

JOINT REPORT OF THE MEETING AND
JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26 (f)
FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The parties met on March 27, 2013.  In attendance were Melissa Moore for Plaintiffs and Robert P. Lombardi for Defendant.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   This case is related to *Syed v. M-I, LLC,* Docket No. 1:12-cv-01718-AWI-MJS. USDC, EDCA.  Although a Fair Labor Standards Act claim has been pled, the claims in this case are predominately California State Law claims.

3. Briefly describe what this case is about.

   Plaintiffs allege Defendants violated the Fair Labor Standards Act of 1938, 29   U.S.C. §§ 201-219 ("FLSA") by failing to pay overtime for all hours worked in excess of forty (40) each workweek.  Plaintiffs also allege that Defendants failed to keep accurate records of the hours he worked as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

    Defendant denies these allegations and asserts Plaintiff and putative class are exempt.

4. Specify the allegation of federal jurisdiction.

    Plaintiff's claims allege jurisdiction under 28 USC §1331, federal question jurisdiction, as the alleged claims arise under the Fair Labor Standards Act.

5. Name the parties who disagree and the reasons.

    N/A.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    See No. 8 below

    Defendant does not anticipate any additional parties.

7. List anticipated interventions.

    Defendant does not anticipate any interventions.

8. Describe class-action issues.

    Plaintiffs seek a collective action under the FLSA. Plaintiffs intend to file a motion for conditional certification and, depending on the Court's ruling, may request that additional plaintiffs be allowed to join this suit. Thus, whether additional parties will be added to this action depends upon the Court's resolution of the collective action issue.

    Defendants' class action issues include:

    1. Whether a collective action is appropriate and, if so, the appropriate size and scope of the collective and/or subclasses;

    2. Whether plaintiff is an adequate representative for the collective action;

    3. Whether individual issues such as variations brought on by geographic location, amount of oversight by individual supervisors, interactions with individual customers, and other factors predominate over any potential collective action wide issues; and

    4. Additional issues may become apparent as discovery progresses.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties have agreed to exchange initial disclosures by April 12, 2013.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   (a) The parties will exchange initial disclosures on April 12, 2013.

   (b) Plaintiffs believe that discovery can be completed by September 30, 2012 if this matter is not certified as a collective action. If the matter is certified, this will need to be revisited.

   The Defendant recommends that the discovery be conducted through phases. Initial discovery should be devoted to the issue of the appropriateness of class certification. Accordingly, the parties should have until July 1, 2013, to conduct discovery as to class issues. Plaintiff also should have until July 1, 2013 to petition for class certification. Defendant should have until August 5, 2013 to file its opposition to class certification. Plaintiff should then have until August 15, 2013 to file any reply. Additional discovery as to the merits of the Plaintiff's claim should be conducted after the Court has ruled on the issue of class certification.

   (c) The parties do not anticipate that this case would require extensive electronic discovery and that production in paper form or easily readable electronic form such as a .pdf file is sufficient.

   (d) Discovery may involve confidential information concerning M-I, LLC and its employees. The parties plan on submitting an agreed protective order for the Court's approval.

   (e) Plaintiffs do not believe that any changes should be made on the discovery limitations contained in the Federal Rules of Civil Procedure or this Court's local rules, nor do they believe that any other limitations should be imposed.

   Defendant does not anticipate the need for any changes to the limitations on discovery imposed by the federal or local rules during the initial discovery phase, but limitations may be required in the subsequent discovery phase and/or in the event class certification is granted.

   (f) Discovery may involve confidential information concerning M-I, LLC and its employees. Defendant plans on submitting an agreed protective order

        for Plaintiff's review and the Court's approval.

B.    When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiffs anticipate sending interrogatories to Defendants by thirty (30) days before the discovery deadline.

C.    When and to whom the defendant anticipates it may send interrogatories.

During the initial discovery phase, Defendant anticipates sending interrogatories to Plaintiff and any individuals who have filed or will file consents to join this matter prior to the initial discovery phase deadline.

D.    Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiffs anticipate deposing a Rule 30(b)(6) witness along with any additional witnesses with knowledge of the corporate Defendants' pay practices by the close of discovery.

E.    Of whom and by when the defendant anticipates taking oral depositions.

During the initial discovery phase, Defendant anticipates taking the oral deposition of Plaintiff and any individuals who have filed or will file consents to join this matter prior to the initial discovery phase deadline. Additional depositions of Plaintiff and others who have filed consents to join this matter after the initial discovery phase has concluded may be necessary in the subsequent discovery phase.

F.

(i)    Specify the date experts for plaintiff (or the party with the burden of proof on an issue) will be designated and their reports provided to opposing party.

Plaintiffs will be able to designate any experts and provide the reports required by Rule 26(a)(2)(B) by fourteen (14) weeks from the parties' Rule 26(f) conference.

(ii)    Specify the date experts for defendant will be designated and their reports provided to opposing party.

Defendant will designate experts and produce reports 60 days after Plaintiff's designation.

G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

Plaintiffs anticipate deposing experts designated by Defendants by the close of

        discovery.

    H.    List expert depositions that defendant anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

        Defendant anticipates taking the deposition of any experts designated by the Plaintiff prior to its expert designations.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

    The primary disagreement is whether discovery should be conducted in phases. The proposals of the parties are explained in detail in Section 10.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    No additional discovery has been taken at this time.

13.    State the date the planned discovery can reasonably be completed.

    Plaintiffs believe that if the Court does not allow this case to proceed as a collective action, discovery can be completed by September 30, 2013. If the Court allows the case to proceed as a collective action, the discovery deadline will need to be extended depending on the timing of the collective action certification and notice period.

    Defendant believes that discovery regarding class issues can be completed by July 1, 2013. Additional discovery regarding substantive and individual issues will depend upon the resolution of the class certification.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties believe that discovery is necessary before meaningful settlement discussions can be held.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties agree to review the issue of settlement at the time Plaintiff submits for class certification.

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    The parties need to conduct some discovery in order to determine the nature and extent of suitable ADR techniques. Most likely, this case will be amenable to mediation after discovery has been taken.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   The parties wish for this matter to be tried by the District Judge.

18. State whether a jury demand has been made and if it was made on time.

   A timely jury demand was made.

19. Specify the number of hours it will take to present the evidence in this case.

   Determination of this topic will be dependent upon the type and nature of classes and subclasses certified or not certified.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   There are no pending motions.

20. List other motions pending.

   On March 12, 2013, the Plaintiffs filed their Rule 12(f) Motion to Strike Defendant's Affirmative Defenses. Plaintiffs have withdrawn the motion as Defendant has agreed to file an Unopposed Motion for Leave to Amend its Answer and an Amended Answer to address the issues raised in Plaintiff's Rule 12(f) Motion to Strike Defendant's Affirmative Defenses.

21. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

   There are no matters peculiar to this case.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

   Samuel Zurik, III, Robert P. Lombardi and Martin J. Regimbal for Defendant.

   Melissa Ann Moore and Curt Christopher Hesse for Plaintiffs

Respectfully submitted, this 4th day of April, 2013.

*/s/ Melissa Ann Moore*
Melissa Ann Moore
State Bar No. 24013189
Fed. Id. No. 25122
melissa@mooreandassociates.net
Curt Christopher Hesse
State Bar No. 24065414
Fed. Id. No. 968465
curt@mooreandassociates.net
**MOORE & ASSOCIATES**
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

Attorneys for Plaintiffs


*s/Robert P. Lombardi*
Samuel Zurik III (#24716)
Robert P. Lombardi (*pro hac vice*)
**THE KULLMAN FIRM**
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
sz@kullmanlaw.com
rpl@kullmanlaw.com

Martin J. Regimbal (*pro hac vice*)
**THE KULLMAN FIRM**
200 6th Street North, Suite 704
Columbus, Mississippi 39701
Telephone: (662) 244-8824
Facsimile: (662) 244-8837
mjr@kullmanlaw.com

Counsel for Defendant
M-I, L.L.C. d/b/a MI SWACO

## **CERTIFICATE OF SERVICE**

  I certify that on this 4th day of April, 2013, I filed a copy of the foregoing with the Clerk via the CM/ECF system, which will automatically send an electronic copy to:

    Melissa Moore
    Curt Hesse
    Moore & Associates
    440 Louisiana, Suite 675
    Houston, Texas 77002-1637

            /s/ Robert P. Lombardi