IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MATTHEW DEWAN**, Individually and on Behalf of All Others Similarly Situated. | § § § § | |
| Plaintiff. | § § | Case No.: 4:12-CV-03638 |
| v. | § § § | |
| **M-I, L.L.C. d/b/a MI SWACO** | § § | |
| Defendant. | § § § | |

### DEFENDANT'S FIRST AMENDED ANSWER

NOW COMES M-I, L.L.C. d/b/a Mi Swaco, who submits this First Amended Answer in response to Plaintiff's original complaint stating as follows:

**First Amended Answer to Complaint**

1.

Paragraph 1 of Plaintiff's Complaint consists of legal conclusions that Defendant is not required to admit or deny. However, out of an abundance of caution, Defendant denies same.

2.

Defendant denies the allegations in paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits that Plaintiff's Complaint on its face states that it is a collective action under § 216(b) of the FLSA. Defendant denies the underlying allegations and/or that Plaintiff is entitled to bring his claims as a collective action.

4.

Defendant admits that the Court possesses subject matter jurisdiction. Defendant denies the remaining allegations of paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits that its principal place of business is located in Houston. The remaining claims of Paragraph 5 of Plaintiff's Complaint either state a legal conclusion that Defendant is not required to admit or deny or state claims denied by Defendant.

6.

Defendant admits that Plaintiff was employed by Defendant for a period of time within the three-year period preceding the filing of this action. Defendant either denies the remaining allegations in Paragraph 6 of the Complaint or lacks sufficient information to admit or deny the allegations and therefore denies same.

7.

Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint and therefore denies same.

9.

Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant admits the allegations in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant admits that Plaintiff was a drilling fluid specialist and that drilling fluid specialists' duties include, but are not limited to, ensuring that drilling mud is within design specifications.

12.

Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant admits that drilling fluid specialists are paid on a salary basis, but denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant admits that Plaintiff was paid on a salary basis, but denies the remaining allegations in paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.

The allegations in Paragraph 23 of Plaintiff's Complaint contain a legal conclusion that Defendant is not required to admit or deny.

24.

Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant incorporates by reference its responses to Paragraphs 1 through 28 in responding to Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant lacks sufficient information to admit or deny the allegations in Paragraph 35 of Plaintiff's Complaint and therefore denies same.

36.

Defendant incorporates by reference its responses to Paragraphs 1 through 35 of Plaintiff's Complaint.

37.

Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

Case 4:22-cv-03688 Document 24 Filed in TXSD on 04/19/23 Page 5 of 10

40.

Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant is not required to admit or deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies that Plaintiff is entitled to any of the relief requested in his prayer.

43.

Defendant denies any allegations not specifically admitted in this answer.

## Affirmative or Other Defenses

Continuing with their First Amended Answer, the Defendant next asserts the following affirmative or other defenses:

1. Plaintiff and some or all of the putative class have failed to state a claim upon which relief can be granted.

2. Some or all of the activities that Plaintiff alleges are compensable are not compensable activities under the applicable law, including but not limited to the Portal-to-Portal Act.

3. Plaintiff and the putative class have suffered no damages; in the alternative, Plaintiffs are entitled to only one satisfaction for any allegedly unlawful action or omission.

4. The Defendant made reasonable, good-faith efforts to comply with, and not violate, the Fair Labor Standards Act ("FLSA"); any alleged violations of law were not willful; the Defendant acted in good faith, with reasonable grounds for believing that its actions or inactions or omissions were not in violation of the FLSA based on its understanding that the

position meets the requirements of one or more FLSA overtime exemptions; and any complained-of act or omission was in good-faith conformity with and in reliance on applicable law.

5. This action should not be certified (conditionally, permanently or otherwise) or maintained as a collective action.

6. The Plaintiff is not similarly situated, pursuant to 29 U.S.C. § 216, with the putative collective action members he seeks to represent for the purposes of the FLSA.

7. Although the Defendant denies that it has violated any aspect of the FLSA and thus has no liability under that statute, any alleged violation would be subject to the *de minimus* doctrine, which the Defendant invokes.

8. Plaintiff's and the putative class' claims for collective relief are barred to the extent that they did not work more than 40 hours in any given workweek and therefore are not entitled to overtime under the FLSA.

9. Plaintiff and the putative class were exempt employees under the Professional, Administrative, Outside Sales and/or Combination exemptions to the FLSA, based on the extensive training required to perform their duties and because their actual duties include, among other things, exercising independent judgment and discretion with respect to drilling fluid testing, interpreting data related to drilling fluids levels and quality, managing drilling fluid levels and quality, identifying problems and the manner in which to correct them, making recommendations as to optimizing equipment performance, in exercising their authority to shutdown a well for safety reasons, and in writing procedures for mixing fluids and handling of product. Plaintiff's and the putative class' duties also include selling and facilitating the sale of

services and products to clients. Further, either Plaintiff, or some or all of the putative class are highly compensated employees.

10. Texas wage law does not apply to Plaintiff's Oklahoma employment.

11. Some or all of Plaintiff's claims and/or the putative class' claims are barred by the applicable statute of limitations.

12. To the extent Plaintiff or the putative class have asserted wage claims under Texas or other state law, if any, Plaintiffs have failed to exhaust their administrative remedies as to any state law claims.

13. Although Defendant denies Plaintiff and/or the putative class are entitled to overtime, Defendant alternately avers that if Plaintiff and/or the putative class are entitle to any overtime, they would be entitled to payment of the overtime premium only as their salary was intended to compensate them for all hours worked during the week.

14. Some or all of Plaintiff's claims conflict with those of other putative class members.

15. Plaintiff's request for certification violates the Rules Enabling Act and constitutes a deprivation of due process.

16. Plaintiff lacks standing to bring one or more of his own claims and/or the claims of the putative class. Further, Plaintiff's claims cannot be properly joined with those of other members of the putative class. Some or all of the claims of Plaintiff and/or the putative class are barred by the principals of satisfaction and accord or release.

17. The Defendant reserves the right to amend this First Amended Answer and to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

Case 4:22-cv-03688 Document 24 Filed in TXSD on 04/29/23 Page 8 of 10

WHEREFORE, the Defendant prays that this First Amended Answer be deemed good and sufficient, that judgment be entered in its favor after due proceedings, dismissing the Complaint in its entirety and with prejudice, and that Defendant be awarded all costs of litigation, including reasonable attorney's fees, and that Defendant be awarded any other relief to which the Court finds that it is entitled.

Respectfully submitted, this 12th day of April, 2013.

      */s/ Robert P. Lombardi*
      Samuel Zurik III (#24716)
      Robert P. Lombardi (*pro hace vice*)
      **THE KULLMAN FIRM**
      1100 Poydras Street, Suite 1600
      New Orleans, Louisiana 70163
      Telephone: (504) 524-4162
      Facsimile: (504) 596-4189
      sz@kullmanlaw.com
      rpl@kullmanlaw.com

      Martin J. Regimbal (*pro hac vice*)
      **THE KULLMAN FIRM**
      200 6th Street North, Suite 704
      Columbus, Mississippi 39701
      Telephone: (662) 244-8824
      Facsimile: (662) 244-8837
      mjr@kullmanlaw.com

      Counsel for Defendant
      M-I, L.L.C. d/b/a MI SWACO

## **CERTIFICATE OF SERVICE**

I certify that on this 12th day of April, 2013, I filed a copy of the foregoing with the Clerk via the CM/ECF system, which will automatically send an electronic copy to:

>Melissa Moore
>Curt Hesse
>Moore & Associates
>440 Louisiana, Suite 675
>Houston, Texas 77002-1637

>*/s/ Robert P. Lombardi*